1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA DEL SOCORRO QUINTERO PEREZ C.Y., a Minor, and B.Y., a Minor, | CASE NO. 13cv1417-WQH-BGS |
| Plaintiffs, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION OFFICE OF BORDER PATROL, JANET NAPOLITANO, THOMAS S. WINKOWSKI, DAVID AGUILAR, ALAN BERSIN, KEVIN K. McALEENAN, MICHAEL J. FISHER, PAUL A. BEESON, RICHARD BARLOW, RODNEY S. SCOTT, CHAD MICHAEL NELSON, and DORIAN DIAZ, and DOES 1-50, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiffs (ECF No. 51).

**I. Background**

On June 17, 2013, Plaintiffs commenced this action by filing a Complaint in this Court. (ECF No. 1). On December 16, 2013, the parties filed a joint motion for leave

to amend the Complaint.  (ECF No. 23).  On December 18, 2013, the Court granted the motion for leave to amend.  (ECF No. 24).  On January 2, 2014, Plaintiffs filed a First Amended Complaint ("FAC").  (ECF No. 25).  On February 18, 2014, the United States, the Agency Defendants, and the Supervisor Defendants sued in their official capacities[1] filed a motion to dismiss, and the Supervisor Defendants and Agent Defendants sued in their individual capacities[2] filed a motion to dismiss.  (ECF Nos. 26-27).  On September 3, 2014, the Court granted in part and denied in part both motions to dismiss.  (ECF No. 46).

On October 6, 2014, Plaintiffs filed the Motion for Leave to File Second Amended Complaint.  (ECF No. 51).  On October 20, 2014, Defendant David Aguilar filed an opposition.  (ECF No. 56).  On October 27, 2014, Plaintiffs filed a reply.  (ECF No. 58).

## II.  Contentions of the Parties

Plaintiffs contend that Defendants will not be prejudiced from clarifying existing theories in the First Amended Complaint.  Plaintiffs contend that the proposed second amended complaint demonstrates that Defendants Napolitano, Bersin and Aguilar knew of and acquiesced in the Rocking Policy.  Plaintiffs contend that the proposed second amended complaint establishes personal jurisdiction over Defendant Aguilar by alleging additional facts regarding Defendant Aguilars knowledge and acquiescence.  Plaintiffs contend that the proposed second amended complaint establishes secondary liability against Agent Nelson.

Defendant Aguilar contends that the proposed second amended complaint alleges insufficient facts to establish specific personal jurisdiction over Defendant Aguilar.

---

[1]  These Defendants were the United States of America, U.S. Department of Homeland Security, U.S. Customs and Border Protection, Office of Border Patrol, Janet Napolitano, Thomas S. Winkowski, Alan Bersin, Kevin K. McAleenan, Michael J. Fisher, Paul A. Beeson, Richard Barlow, and Rondey S. Scott.

[2]  These Defendants were Janet Napolitano, Thomas Winkowski, David Aguilar, Alan Bersin, Kevin McAlleenan, Michael Fisher, Paul Beeson, Richard Barlow, Rodney Scott, Chad Nelson, and Dorian Diaz.

Defendant Aguilar contends that the proposed second amended complaint is no different than the FAC in this regard. Defendant Aguilar contends that he should not have to continue defending this action because personal jurisdiction has not been established over him.

## III. Discussion

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

In the September 3, 2014 Order, the Court found that "[t]he FAC's general allegations of [Defendants Winkowski, Aguilar, and McAlleenan's] supervisory responsibilities and alleged implementation of the Rocking Policy, without more, do not satisfy Plaintiffs' prima facie burden to satisfy the purposeful direction test." (ECF No. 46 at 14). The Court further found that "these federal officers' alleged omissions—failures to train, supervise, and prevent or correct the use of the Rocking Policy—are not 'intentional acts[s] ... expressly aimed at the forum state.'" *Id.* (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006)). The Court also noted that "[w]hether the Court may exercise *specific* jurisdiction over these Defendants will depend on whether Plaintiffs can allege forum-

1   related activity giving rise to their claims." *Id.* at 15.

2       The proposed second amended complaint adds factual allegations against

3   Defendant Aguilar.  The Court will defer consideration of Defendant Aguilar's

4   challenge to personal jurisdiction and any challenges to the merits of the proposed

5   second amended complaint until after the amended pleading is filed.  *See Netbula v.*

6   *Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer

7   consideration of the challenges to the merits of a proposed amended pleading until after

8   leave to amend is granted and the amended pleading is filed.").

9       After review of the motion, the proposed second amended complaint, and the

10  filings of the parties, the Court concludes that Defendants have not made a sufficiently

11  strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in

12  favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.

13  **IV.  Conclusion**

14      IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second

15  Amended Complaint (ECF No. 51) is GRANTED.  Plaintiffs shall file the Second

16  Amended Complaint, as set forth as an exhibit to the Motion (ECF No. 51-2), **within**

17  **ten (10) days** from the date this Order is filed.  Defendants shall respond to the Second

18  Amended Complaint **within fourteen (14) days** from the date the ~~First~~ Second Amended  (mdc)

19  Complaint is re-filed.  Fed. R. Civ. P. 15(a)(3).

20  DATED:  November 19, 2014

21                          *William Q. Hayes*

22                          **WILLIAM Q. HAYES**
                            United States District Judge

23

24

25

26

27

28