# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL SOCORRO QUINTERO PEREZ, C.Y., a Minor, and B.Y., a Minor,<br><br>Plaintiffs,<br>v.<br>DORIAN DIAZ, *et al.*,<br><br>Defendants. | CASE NO. 13cv1417-WQH (BGS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendants' Motion to Clarify Dismissal of Plaintiffs' Fifth Amendment Claims. (ECF No. 89)

On June 17, 2013 Plaintiffs Maria Del Socorro Quintero Perez, the widow of Jesus Alfredo Yañez Reyes ("Yañez"), and CY and BY, the minor children of Yañez, commenced this action, seeking damages for the death of Yañez, as well as declaratory relief. (ECF No. 1). The FAC asserted the following claims for relief: (1) violation of the law of nations against the Government Defendants[1]; (2) violation of the Fifth Amendment's Due Process Clause against the Government Defendants and Supervisor

---

[1] The Government Defendants are the United States of America, United States Department of Homeland Security ("DHS"), and United States Customs and Border Protection ("CBP") Office of Border Patrol ("Border Patrol").

Defendants[2]; (3) violation of the Fifth Amendment's Due Process Clause against the Agent Defendants[3]; (4) violation of the Fourth Amendment's prohibition against unreasonable seizures against the Government Defendants and Supervisor Defendants; (5) violation of the Fourth Amendment's prohibition against unreasonable seizures against the Agent Defendants; (6) violation of Fifth Amendment equal protection against the Government Defendants and Supervisor Defendants; (7) violation of Fifth Amendment equal protection against the Agent Defendants; and (8) Declaratory Relief regarding the judgment bar provision of the Federal Tort Claims Act.

On January 2, 2014, Plaintiffs filed a First Amended Complaint. (ECF No. 25). On February 18, 2014, the Government Defendants, Supervisor Defendants, and Agent Defendants filed a motion to dismiss the First Amended Complaint. (ECF Nos. 26, 27). On September 3, 2014, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss. (ECF No. 46). In relevant part, the Court stated, "Plaintiff's Second, Third, Sixth, and Seventh Claims for Due Process and Equal Protection violations are DISMISSED without prejudice." *Id.* at 26.

On October 6, 2014, Plaintiffs filed a motion for leave to file a second amended complaint ("SAC"). (ECF No. 51). In the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint, Plaintiffs stated:

---

[2] The Supervisor Defendants are Janet Napolitano, Secretary of DHS from January 21, 2009 through September 6, 2013; Thomas S. Winkowski, Acting Commissioner of CBP from March 30, 2013 until March 7, 2014; David Aguilar, Chief of Border Patrol from 2004 until 2010, Deputy Commissioner of CBP from April 2010 until December 2011, and Acting Commissioner of CBP from December 2011 until February 8, 2013; Alan Bersin, Commissioner of CBP from March 2010 through December 2011; Kevin K. McAleenan, Acting Deputy Commissioner of CBP from March 2013 to present; Michael J. Fisher, Chief of Border Patrol from May 2010 to present; Paul A. Beeson, Chief Border Patrol Agent of the Border Patrol's San Diego Sector from November 2010 to the present; Richard Barlow, Acting Chief Patrol Agent of the Border Patrol's San Diego Sector from 2009 to November 2010; and Rodney S. Scott, Acting Deputy Chief Patrol Agent or the Deputy Chief Patrol Agent of the Border Patrol's San Diego Sector from May 2010 to the present.

[3] The Agent Defendants are Chad Nelson and Dorian Diaz.

> Plaintiffs' proposed amendments are *not* designed to overcome the Court's decision to dismiss the following claims: . . . violation of the Fifth Amendment Due Process Clause against Supervisor Defendants (claim 2); . . . violation of the Fifth Amendment Due Process Clause against the Agent Defendants (claim 3); . . . violation of the Fifth Amendment's Equal Protection Clause against Supervisor Defendants (claim 6); and violation of the Fifth Amendment's Equal Protection Clause against the Agent Defendants (claim 7). The SAC nevertheless does not formally withdraw those claims, due to the uncertainty in the law as to whether doing so would render those claims waived for appeal. *See, e.g., Lacey v. Maricopa Cnty*, 693 F.3d 869, 927 (9th Cir. 2012). If the Court grants Plaintiffs' motion to amend the complaint, Plaintiffs will work with defense counsel to ensure that the briefing on any motion to dismiss the amended complaint addresses only the issues that are still "live" in the district court.

(ECF No. 51-1 at 7, n.1).

On November 25, 2014, Plaintiffs filed the Second Amended Complaint. (ECF No. 61). On December 16, 2014, Defendants Napolitano, Bersin, Aguilar, Fisher, and Nelson filed a motion to dismiss Plaintiffs' SAC. (ECF No. 65). Defendants stated:

> We agree with Plaintiffs that the current round of briefing need only address the "live" claims the SAC expressly intends to re-assert and thus, the instant motion only addresses Counts Four (as to Defendants Napolitano, Bersin, Aguilar, and Fisher) and Five (as to Defendant Nelson). However, to the extent necessary and without suggesting that the status of Counts One, Two, Three, Four (as to Defendants Winkowski, McAlleenan, Beeson, Barlow, and Scott), Six, and Seven is anything other than dismissed, Defendants note that those claims and Defendants would be subject to dismissal from the SAC for the same reasons stated in this Court's Order (ECF No. 46), and for those reasons stated in their Memoranda of Points and Authorities in support of their Motions to Dismiss the FAC, as well as their supporting Reply Briefs. *See* (ECF Nos. 26-1, 27-1, 36, and 37).

*Id*. at 10, n. 2. On May 1, 2015, the Court issued an order that granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 77). The Court concluded, among other things, that "Plaintiffs' fourth claim is dismissed with prejudice as to Defendants Napolitano and Bersin." *Id*. at 30. The order stated, "The Court only dismisses Plaintiffs' fourth claim, at this stage in the proceedings, because it is the only claim addressed in Defendants' briefing." *Id*. at 30, n.6.

On August 7, 2015, Defendants filed the Motion to Clarify Dismissal of Plaintiffs' Fifth Amendment Claims. (ECF No. 89). Defendants "seek clarification that

all Fifth Amendment claims are dismissed, with prejudice, against all current and former Defendants in this case." *Id.* at 1. Defendants explained,

> When the Court issued its Order dismissing portions of Plaintiffs' SAC on May 1, 2015, it stated, "The Court only dismisses Plaintiffs' fourth claim, at this stage in the proceedings, because it is the only claim addressed in Defendants' briefing." (Doc. No. 77 at 30, n.6). Due to the fact this language left Defendants with the uncertainty of knowing whether the Fifth Amendment claims were still dismissed, defense counsel wrote to Plaintiffs' counsel asking that they agree to file a Joint Motion to formally dismiss the Fifth Amendment claims in the SAC. Plaintiffs' counsel responded as follows:
>> [W]e don't believe we can file a joint motion because we want to appeal the Court's decision to grant the initial 12(b)(6) against them. Procedurally, I believe the way to handle it is for you to file a motion for reconsideration asking that they be dismissed. Provided that it does not inhibit our appellate rights, we will not oppose it.

(ECF No. 89-1 at 3-4 (internal citations omitted)). Defendants "believe a Motion to Clarify the Court's Order is more appropriate" than a Motion for Reconsideration. *Id.* at 4. Defendants assert that "Plaintiffs agree that the Fifth Amendment claims are no longer live in this case," but are "unwilling to sign a Joint Motion due solely to their concern over losing their ability to appeal the Court's dismissal of those claims." *Id.* Defendants further assert that while Defendants "do not agree that Plaintiffs' appeal rights would be jeopardized by the filing of a Joint Motion, it is of no consequence as the statements previously made by Plaintiffs' counsel in both court filings and in email correspondence to defense counsel establish Plaintiffs' non-opposition to this motion." *Id.* Defendants request that the Court grant this motion and enter an order clarifying that "all Fifth Amendment claims against all Defendants are dismissed from this case, with prejudice . . . ." (ECF No. 89-1 at 5). Plaintiffs have not filed any response.

The Court's September 3, 2014 Order stated, "Plaintiff's Second, Third, Sixth, and Seventh Claims for Due Process and Equal Protection violations are DISMISSED ***without prejudice***." (ECF No. 46 at 26(emphasis added)). The claims were re-alleged in the Second Amended Complaint and have not been dismissed. *See* (ECF Nos. 61, 77).

IT IS HEREBY ORDERED that Defendants' Motion to Clarify Dismissal of Plaintiffs' Fifth Amendment Claims and to dismiss all Fifth Amendment claims against all Defendants with prejudice is denied.

DATED: November 6, 2015

**WILLIAM Q. HAYES**
United States District Judge