UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Del Socorro Quintero Perez, CY, a Minor, and BY, a Minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION OFFICE OF BORDER PATROL, JANET NAPOLITANO, THOMAS S. WINKOWSKI, DAVID AGUILAR, ALAN BERSIN, KEVIN K. McALLEENAN, MICHAEL J. FISHER, PAUL A. BEESON, RICHARD BARLOW, RODNEY S. SCOTT, CHAD MICHAEL NELSON, AND DORIAN DIAZ, AND DOES 1 - 50,<br><br>Defendant. | Case No.:  13cv1417-WQH-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (ECF NO. 99)** |

I. **BACKGROUND**

On November 16, 2015, counsel for Plaintiffs, Mr. McBride, and counsel for Defendants, Ms. Schweiner, jointly called the court regarding a discovery dispute in

compliance with the Court's Chambers' Rules. During the call, Plaintiffs' counsel identified the following issues regarding Defendants' responses to Plaintiffs' propounded Requests for Production (Set One) to Defendants Fisher, Diaz and Nelson:

1) Whether Defendants used improper boilerplate objections and conditional objections and if such objections are now waived.

2) Whether Plaintiffs can demand that Defendants identify which documents are responsive to requests for production of documents.

3) Plaintiffs seek to compel production of documents it believes have been withheld as a result of Defendants' objection to the provided definition of "Rocking" or "Rocking Case" on page four of the propounded requests.

The Court set a briefing schedule for these issues on November 20, 2015. (*See* ECF No. 98.) Plaintiffs filed a Motion to Compel on November 30, 2015 (ECF No. 99), and Defendants filed their opposition motion on December 7, 2015.[1] (ECF No. 102.)

## II. WHETHER DEFENDANTS USED IMPROPER BOILERPLATE OBJECTIONS AND IF SUCH OBJECTIONS ARE NOW WAIVED

### a. Parties' Positions

Plaintiffs argue that Defendants used improper boilerplate objections in discovery responses, and as a result, those objections have been waived.[2] (ECF No. 99 at 2.) Plaintiffs ask this Court to order Defendants to fully respond to the Requests for Production (RFP). (*Id.*)

Defendants' opposition does not specifically address the issue of boilerplate objections, but generally asserts that "[t]he only documents not produced were identified

---

[1] Plaintiffs raised the same objections regarding a second set of discovery propounded on Defendant Fisher. In its Order Setting Discovery Dispute Briefing and Addressing Other Issues Before the Court, the Court noted that these issues were already before the Court on Plaintiffs' motion to compel filed November 30, 2015. (*See* ECF No. 110.) As a result, the ruling herein will apply to any similar issues regarding the second set of discovery propounded on Defendant Fisher.

[2] The responses Plaintiffs take issue with, specifically, are Defendant Fisher's responses to RFP Nos. 1, 6, 9, 16-17, 20-26, 30-37, 39-40; Defendant Diaz's responses to RFP Nos. 1-7, 9, 13, 23-24, 27, 33-36, 38-39; and Defendant Nelson's responses to RFP Nos. 1-7, 9, 13, 23-24, 27, 33-36, 38-39.

1  in a privilege log." (ECF No. 102 at 2.)

### b. The Proper Procedure for Boilerplate Objections

Boilerplate objections have gained significant disfavor in courthouses across the country. Although Rule 34 requires a certain amount of specificity in each response to a request for production, neither the text of the rule nor binding judicial authority provides for a remedy of automatic waiver if objections are not sufficiently specific. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) (Rule 34 "does not contain an explicit prohibition against boilerplate objections[.]") Instead, case law requires the parties to undergo a substantive analysis of each response to discovery.

The case law Plaintiffs cite does not support their contention that boilerplate objections result in an automatic waiver, but instead shows that courts sustain a thorough analysis of the objections before determining whether or not they are overruled. For example, the *Anderson* Court required the responding party to support its propounded objections before deciding whether or not those objections were overruled or sustained. *Anderson v. Hansen*, 2012 WL 4049979, at *3 (E.D. Cal. Sept. 13, 2012). Where the defendant did not "clarify[], explain[], or support[] its objections[,]" they were overruled. (*Id.*) The Court in *Sherwin-Williams Company v. JB Collision Services, Inc.* applied the same procedure. 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014).[3]

As these cases make clear, the proper procedure when in receipt of seemingly boilerplate objections is to challenge them on their merits. As in *Anderson*, the responding party would then be required to "clarify[], explain[], or support[] its objections[,]" to avoid them being overruled. 2012 WL 4049979, at *3 (E.D. Cal. Sept.

---

[3] Plaintiffs also cite *Walker v. Lakewood Condominium Owners Ass'n*, for the proposition that "[w]here the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." 186 F.R.D. 584, 587 (C.D. Cal. 1999). While *Walker* is inapposite, the quoted statement derives from a Third Circuit case, *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982.) The *Josephs* case allowed for both parties to brief the substance of the objections at issue before the Court determined whether the objections would stand. *Id.*

13, 2012).

Plaintiffs seek an automatic waiver of what they consider boilerplate objections. (ECF No. 99 at 2.) As explained above, waiver is not the appropriate remedy. If, after a review of the merits of each objection, the court determines many to be unfounded, the court can overrule those objections. The court also has the option to impose sanctions under Fed. R. Civ. P. 26(g), which "imposes an affirmative duty to engage in pretrial discovery in a responsible manner [and] obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection[.]" Fed. R. Civ. P. 26(g), Advisory Committee Notes to the 1983 Amendments. The court can also impose sanctions under Federal Rule 37(a)(5), which requires the party, the attorney, or both, to pay the movant's "reasonable expenses incurred in making the motion [to compel], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Because this Court finds that automatic waiver of purported boilerplate objections is inappropriate and unsupported by the law, Plaintiffs' motion is **DENIED**.[4]

## III. WHETHER DEFENDANTS USED IMPROPER CONDITIONAL OBJECTIONS AND IF SUCH OBJECTIONS ARE NOW WAIVED

### a. Parties' Arguments

Plaintiffs ask this Court to deem all objections preceding the language, "without waiving these objections," waived. (ECF No. 99 at 3-4.) According to Plaintiffs, such conditional responses to discovery are improper, and have the effect of waiving the responding party's objections. (*Id.* at 3.) Defendants brief fails to respond to Plaintiffs argument regarding conditional responses.

### b. Relevant Law

Written responses to requests for production of documents must be unconditional, and may not reserve the right to raise objections in the future. Language such as "without

---

[4] Plaintiffs did not challenge the merits of Defendants objections in this discovery dispute. (See ECF Nos. 98 and 99.) Thus, the Court need not analyze the merits of Defendants' objections or determine whether or not those objections should be overruled.

waiving objections" preserves nothing. *Consumer Electronics Ass'n v. Compras and Buys Magazine, Inc.*, 2008 WL 4327253 * 3 (S.D. Fl. Sept. 18, 2008). Objections preceding such language are deemed waived, and the response to the discovery request stands. *Estridge v. Target Corp.*, 2012 WL 527051 *2 (S.D. Fla. Feb. 16, 2012). Notwithstanding, if the response puts the requesting party on notice that the responding party is withholding certain documents, that objection is preserved so long as the requesting party is not left guessing as to what documents are being withheld. *Sprint Communications Co., v. Comcast Cable Communications, LLC*, 2014 WL 1569963 * 3 (D. Kan. April 18, 2014). In such a case the objection is not waived. Instead, the proper procedure is to challenge the objection by bringing a motion to compel and requiring the responding party to defend the merits of its response. (*See e.g.*, section II regarding the proper procedure for boilerplate objections.)

### c. Application

Defendants' responses to Plaintiffs' RFPs can be divided into three categories: (1) Responses ending with: "Without waiving any objections, Defendant will produce documents responsive to this request.";[5] (2) Responses limiting the scope of production, such as "Without waiving any objections, Defendant Fisher will produce the documents he received relating to rocking incidents during the time he was the Chief of CBP and the Sector Chief in San Diego.";[6] (3) and those which state that no responsive documents exist.[7]

### i. Without waiving any objections, Defendant will produce documents responsive to this request.

Because the language, "without waiving any objections," is ineffectual, the only remaining language is the response that follows. *See Estridge*, 2012 WL 527051 *2. For

---

[5] *See* RFPs to Fisher Nos. 1, 6, 9, 16, 17, 26, 32, 33, 34, 35, 36, 40; and RFPs to Diaz and Nelson Nos. 1, 2, 3, 4, 5, 6, 7, 9, 13, 23, 24, 27, 33, 34, 39,
[6] *See* RFPs to Fisher Nos. 20, 21, 22, 23, 24, 30, 39.
[7] *See* RFPs to Fisher No. 25.

those responses in category (1), Defendants agree to produce responsive documents. The Court does not find this response confusing, nor is there reason to believe that Defendants are withholding any documents. For all responses ending with an agreement to produce responsive documents, no further response is required.

> **ii. Without waiving any objections, Defendant Fisher will produce the documents he received relating to rocking incidents during the time he was the Chief of CBP and the Sector Chief in San Diego.**

For responses in category (2), the only remaining language is Defendants agreement to produce a narrower subset of documents than requested. For example, by agreeing that Defendant Fisher will produce the documents he received relating to rocking incidents during the time he was the Chief of CBP and the Sector Chief in San Diego, Defendants make clear that they will not produce documents regarding rocking incidents when Defendant Fisher was not Chief of CBP or Sector Chief in San Diego. Because this type of response does not create confusion and puts Plaintiffs on notice that Defendants are withholding certain documents, the preceding objections are preserved. *See Sprint Communications Co., v. Comcast Cable Communications, LLC*, 2014 WL 1569963 * 3 (D. Kan. April 18, 2014). The objections are not automatically waived, but rather subject to challenge by Plaintiffs on a motion to compel. (*See* section I regarding the procedure for boilerplate objections).

> **iii. Without waiving any objections . . . No responsive documents exist.**

Because the language, "without waiving any objections," is ineffectual, the only remaining language is the response that follows. S*ee Estridge*, 2012 WL 527051 at *2. The Court does not find the statement that no responsive documents exist confusing. Nor is the Court aware of any reason to doubt Defendants' assertions. For this category of responses, no further response is required.

### d. Conclusion

The Court is satisfied that all of Defendants responses are sufficiently clear and do

not require further supplementation.  Plaintiffs' motion to deem Defendants' conditional responses waived is **GRANTED** in part and **DENIED** in part, consistent with this opinion, and to the extent Defendants preserved their objections in their responses to discovery.  No further responses from Defendants are required.

## IV. WHETHER PLAINTIFF CAN DEMAND THAT DEFENDANTS IDENTIFY WHICH DOCUMENTS ARE RESPONSIVE TO REQUESTS FOR PRODUCTION OF DOCUMENTS SUPPORTING DEFENDANTS' CONTENTIONS IN THIS CASE

### a. Parties' Arguments

In response to Plaintiffs' RFPs, Defendants produced two DVDs with approximately seven gigabytes of documents.  (ECF No. 99 at 4.)  Plaintiffs' argue that Defendants produced all of the documents in a "single, undifferentiated pile," and instead should be required to organize the documents by date, category and department, or to correspond with Plaintiffs' discovery requests.  (ECF No. 99 at 4.)

Defendants state that they produced documents in the usual course of business, in compliance with Fed. R. Civ. P. 34(b)(2)(E)(i).  (ECF No. 102-1 at ¶ 3.)  Defendants acknowledge that the documents came from multiple custodians.  (ECF No. 102 at 5.)   "[D]ocuments relating to "training" received by Agent Diaz were gathered both from Agent Diaz himself as well as CBP's database relating to training of Agent Diaz, and those documents were produced altogether to Plaintiffs' counsel."  (ECF No. 102-1 at ¶ 3.)  The same procedure was done for documents relating to Defendant Nelson.  (*Id.*)  Emails relating to Chief Fisher were produced together, emails relating to Agent Diaz were produced together, and emails relating to Agent Nelson were produced together.  (*Id.*)  Additionally, all the emails relating to each defendant produced in the .pst files were organized pursuant to custodian (i.e. Fisher, Diaz and Nelson), and were not mixed together.  (*Id.*)

Defendants also argue that, given the overlapping and overbroad requests,  a requirement to categorize each document to Plaintiffs' request would be extremely

burdensome.  (ECF No. 102 at 6.)

### b.  Relevant Law

Rule 34(b)(2)(E)(i) requires a party to produce documents "as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).  This Rule was originally designed to prevent attempts to "hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Armor Screen Corp. v. Storm Catcher*, Inc., 2009 WL 291160, at *5 (S.D. Fla. 2009).  Over time, it has evolved to "facilitate production of records in a useful manner" while also "minimiz[ing] discovery costs[.]" *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 413 (S.D.N.Y. 2009).

The option of producing documents "as they are kept in the usual course of business" requires the producing party to either be a commercial enterprise (or function in the manner of a commercial enterprise) or have records resulting from a regularly conducted activity.  *S.E.C.*, 256 F.R.D. at 412.  When records are not the result of "routine and repetitive activity" it is reasonable for a court to require the responding party to organize the documents in a usable form prior to production.  *Id.* at 413.

The government acts like a commercial entity in many instances, such as "purchasing equipment from defense contractors, selling maps to backpackers, and executing contracts to construct buildings." *Id.* at 412.  Therefore, it is reasonable to assume that the training of Border Patrol agents, and the investigation into use of force incidents, is likewise routine in nature for the government.  Presumptively, such records are created and "maintained in an efficient fashion such that production as they are kept in the ordinary course of business" and comply with the requirements of Rule 34.  *Id.*

### c.  Application

This Court finds that the documents have been produced in the usual course of business.  The government has disclosed that the documents came from multiple custodians, and there is no indication the documents were scrambled before production to Plaintiffs.  (*See* ECF No. 102-1, ¶ 3.)  Moreover, maintaining personnel files and

8

13cv1417-WQH-BGS

investigation records is presumptively a "routine and repetitive activity" for the Border Patrol. *See S.E.C.*, 256 F.R.D. at 412.

Moreover, requiring Defendants to label each document according to each of Plaintiffs' requests would be more burdensome than helpful given the number of documents, the breadth of the requests, and the fact that many requests are duplicative for each of the three Defendants. Notwithstanding, given the contention by the Plaintiffs that the documents were produced in a "single, undifferentiated pile," the Court agrees that more can be done by Defendants to "facilitate production of records in a useful manner" for Plaintiffs. *Id.* at 413.

Organizing a production to reflect how the information is kept "in the usual course of business" may require the producing party to include different identifying information according to the type of document or file produced. *City of Colton v. American Promotional Events, Inc.*, 227 F.R.D. 578, 585 (2011). For example,

> A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. *See Nolan, LLC v. TDC Int'l Corp.*, No. 06–CV–14907–DT, 2007 WL 3408584, at *2 (E.D. Mich.2007) (Majzoub, Magistrate Judge). A party produces emails in the usual course when it arranges the responsive emails by custodian, in chronological order and with attachments, if any. *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318–JWL–DJW, 2007 WL 3010343, at *2 (D. Kan. 2007). For non-email ESI, a party must produce the files by custodian and by the file's location on the hard drive-directory, subdirectory, and file name. *Id.*

*Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co.*, 2009 WL 1803216, at *2 (E.D. Mich. 2009) (applying subsection (i) to ESI production).

However, requiring materials to be "segregated according to the requests[,]" as Plaintiffs would like, "would impose a difficult and usually unnecessary additional

burden on the producing party." Wright & Miller, *Federal Practice and Procedure: Civil* § 2213. This is especially true because Plaintiffs' requests overlap extensively. *See id.* Moreover, some of Plaintiffs' requests seek documents supporting defenses or theories of the case (see, e.g., RFP to Fisher No. 40: "Any documents which you contend support your contention that you are not legally liable for the death of decedent."). Requiring a responding party to label each document responsive to such a request would necessarily implicate the attorney's thoughts and strategies and has the potential to divulge work product.

Based on this Court's broad discretion in managing discovery, the Court will entertain reasonable recommendations from the parties so as to facilitate the production of records in a useful manner for Plaintiffs.

### d. Conclusion

Plaintiffs' motion with respect to how Defendants produced documents is **GRANTED** in part, and **DENIED** in part. Before deciding the specifics of what this Court will require of Defendants, the Court orders the parties to jointly call chambers for a meet and confer with Judge Skomal within one week of this order.

## V. PLAINTIFF SEEKS TO COMPEL PRODUCTION OF DOCUMENTS IT BELIEVES HAVE BEEN WITHHELD AS A RESULT OF DEFENDANTS' OBJECTION TO THE PROVIDED DEFINITION OF "ROCKING" OR "ROCKING CASE"

### a. Parties' Arguments

In each set of RFPs propounded on Defendants, Plaintiffs put forth four pages of definitions and nearly five pages of general instructions. (*See* ECF No.99-2.) In Defendants' responses to these RFPs, Defendants object to Plaintiffs' definitions and general instructions as "over burdensome, vague, ambiguous, harassing and beyond the requirements expected of this Defendant under the Federal Rules of Civil Procedure." (ECF No. 99-3 at 3.) This dispute involves whether Defendants' withheld documents based on their objections to Plaintiffs' definitions, specifically the definition of "rocking"

or "rocking case." Plaintiffs seek an order from this Court compelling Defendants to further respond to Plaintiffs' RFPs using the provided definitions of "rocking" and "rocking case." (ECF No. 99 at 4.)

In their opposition, Defendants contend that they did not disregard Plaintiffs' definition of "rocking policy" or "rocking case" when responding to Plaintiffs' RFPs. (ECF No. 102 at 3.) Defendants assert that they conducted searches for documents involving reported rocking incidents, but also documents that contained the word "rock" and variations thereof such as "rocking" and "rocked." (*Id.*; *see also* Schweiner Decl., ¶ 9.) Defendants add that their "objection did not form the basis for withholding documents, [and] there is no need to compel further written responses." (ECF No. 102 at 3.)

### b. Analysis

The Court need not review the merits of the objections because Defendants not only agreed to produce responsive documents, but have stated that their "objection did not form the basis for withholding documents[.]" (*Id.*) Counsel of record further states, under oath, that she searched for documents "which had any form of the word 'rock' in them." (ECF No. 102-1 ¶9.) The Court cannot make a party produce something they claim does not exist, and has no reason to doubt the veracity of defense counsel's statements under oath.

### c. Conclusion

Plaintiffs' motion to compel further responses to requests based on Defendants objections to Plaintiffs' definitions is **DENIED** as moot because Defendants produced documents in compliance with Plaintiffs' definition of "rocking" and "rocking case."

## VI. CONCLUSION

1. Plaintiffs' motion to waive Defendants purported boilerplate objections is **DENIED**.
2. Plaintiffs' motion to waive Defendants conditional responses to discovery is **GRANTED** in part and **DENIED** in part, consistent with the analysis in

1  section III, above, and to the extent Defendants preserved their objections in
2  their discovery response.

3. Plaintiffs' motion to compel Defendants to organize their production of documents is **GRANTED** in part and **DENIED** in part, consistent with the analysis in section IV, above.  The parties must jointly call the Court within one week of this order to discuss reasonable recommendations to facilitate the production of records in a useful manner to Plaintiff.

4. Plaintiffs' motion regarding Defendants objections to the definitions of "Rocking" or "Rocking case" is **DENIED** as moot.

IT IS SO ORDERED.

Dated:  January 25, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge