UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Del Socorro Quintero Perez, CY, a Minor, and BY, a Minor,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION OFFICE OF BORDER PATROL, JANET NAPOLITANO, THOMAS S. WINKOWSKI, DAVID AGUILAR, ALAN BERSIN, KEVIN K. McALEENAN, MICHAEL J. FISHER, PAUL A. BEESON, RICHARD BARLOW, RODNEY S. SCOTT, CHAD MICHAEL NELSON, AND DORIAN DIAZ, AND DOES 1 - 50,,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 13cv1417-WQH-BGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PURPORTEDLY PRIVILEGED DOCUMENTS** |

**I.    BACKGROUND**

　　On November 16, 2015, counsel for Plaintiffs, Mr. McBride, and counsel for Defendants, Ms. Schweiner, jointly called the court regarding a discovery dispute in

compliance with the Court's Chambers' Rules. During that call, Plaintiffs sought permission to file a motion to compel regarding documents they contend were improperly withheld on the basis of deliberative process and law enforcement privileges. (ECF No. 98 at 2.) On November 20, 2015, the Court granted the parties permission to brief the issue of privilege and ordered Defendants to lodge their privilege log and disputed documents for *in camera* review. (*Id.* at 3)

Plaintiff filed a Motion to Compel Production of Purportedly Privileged Documents on November 30, 2015 (ECF No. 101), and Defendants filed their opposition on December 7, 2015. (ECF No. 102.) In their opposition, Defendants explain that twenty-five of the twenty-seven documents in their privilege log were inadvertently placed there as a result of a computer error, and are non-responsive to Plaintiffs' RFPs. (ECF No. 102 at 4.) In compliance with this Court's November 20, 2015 order, Defendants submitted a privilege log and all twenty-seven documents to the Court for *in camera* review. Defendants brief explains that they provided all twenty-seven documents for the Court to "confirm they do not need to be produced on the grounds they are non-responsive." (*Id.*) Plaintiffs replied on December 11, 2015. (ECF No. 108.) In their reply brief, Plaintiffs question Defendants' assertion that the twenty-five documents are irrelevant, especially because Defendants met and conferred on the issue of privilege "over a period of months." (*Id.* at 2.)

## II. PURPORTEDLY IRRELEVANT DOCUMENTS

Government counsel's error of improperly listing irrelevant documents in their privilege log has precluded the routine *in camera* review of privileged documents. As counsel should know, when a party produces a privilege log, information on that log is presumed to be "otherwise discoverable." (Fed. R. Civ. P. 26(b)(5).) However, despite listing the documents on their privilege log, Defendants now claim that twenty-five documents are irrelevant, and request that this Court "confirm they do not need to be produced on the grounds they are non-responsive." (ECF No. 102 at 4.)

Defendants' brief fails to address the proper procedure for when irrelevant

documents are inadvertently listed in a privilege log. Nor does it address whether or not those twenty-five documents are subject to any privileges. Therefore, before the Court reviews these documents, additional briefing is required. Defendants must submit a supplemental motion addressing the following questions:

1. What is the appropriate procedure when a party erroneously places irrelevant documents in a privilege log?
2. Are any of the twenty-five documents subject to a privilege?
3. Is it proper for a court to review documents *in camera* for relevance?

To the extent Defendants assert that any of the twenty-five documents are privileged, they must attach an appropriate declaration so stating. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987). Defendants must file this supplemental brief by **February 5, 2016**. Plaintiffs' response must be filed by **February 12, 2016**. Both briefs are limited to ten pages. No reply brief is requested.

### III. PARTIES' ARGUMENTS REGARDING PRIVILEGE

Plaintiffs argue that Defendants have not validly asserted the official information privilege in response to Plaintiffs' RFPs, and therefore, the Court should deem the privilege waived. (ECF No. 100 at 5; *see also* ECF No. 108 at 3.) Specifically, Plaintiffs state that Defendants did not timely submit a declaration from a responsible official within their agency, as required under *Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993). (ECF No. 100 at 3; *see also* ECF No. 108 at 2.) Plaintiffs further contend that their interests as "civil-rights litigants outweigh any governmental interest in maintaining the secrecy of any deliberative process," warranting the disclosure of the withheld documents. (*Id.* at 5.)

Of the twenty-seven documents identified in Defendants' privilege log, Defendants' brief limits their assertion of privilege to two documents.[1] (ECF No. 102 at

---

[1] The two documents at issue are bates stamped PEREZ-EMAIL-0013034—35 and PEREZ-EMAIL-0013142—43.

4.) Defendants argue that the two documents "contain law enforcement sensitive information," which should be "protected from disclosure to safeguard law enforcement techniques and procedures."[2] (*Id.* (citing cases).) In support of their assertion that the two documents contain law enforcement sensitive information, Defendants attach the declaration of Michael Fisher, a retired Chief of the U.S. Border Patrol. (ECF No. 102-2.) According to Fisher's declaration, the two documents at issue "disclose certain of CBP's techniques, strategies and procedures for dealing with use of force issues" and "identify individuals who are playing a role in those efforts." (*Id.*)

## IV.   RELEVANT LAW

"The purpose of [the law enforcement privilege] is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) citing *Aspin v. Dep't of Defense*, 491 F.2d 24, 29-30 (D.C. Cir. 1973); *Frankel v. Securities and Exchange Commission*, 460 F.2d 813, 817 (2d Cir. 1972). However, "the official information privilege and its kin [i.e., the law enforcement privilege] are not absolute." *King v. Conde*, 121 F.R.D. 180, 190 (E.D.N.Y. 1988). In determining what level of protection should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller v. Panucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230–31 (S.D. Cal. 1993).

First, "based on defendants' objections to disclosure and accompanying affidavits or declarations[,]" the court determines whether the party asserting the privilege has

---

[2] Defendants never identify a specific privilege in their brief or declaration, only referring to the documents at issue as law enforcement sensitive. A review of the cases Defendants cite leads this Court to conclude that they are referring to the law enforcement privilege in their argument.

made a "substantial threshold showing that disclosure of specific information would result in specific harm to identified important interests." *King*, 121 F.R.D. at 190; *see also Soto*, 162 F.R.D. at 613; *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010); *Miller*, 141 F.R.D. 292, 301 (C.D. Cal. 1992)(citing *Kelly*, 114 F.R.D. at 671.) The affidavit or declaration offered to support the assertion of privilege must be from an agency official and must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality ..., (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made. *Hampton*, 147 F.R.D. at 230–31 (citing *Kelly*, 114 F.R.D. at 670); *see also Bernat v. City of California City*, 2010 WL 4008361, at *3 (E.D. Cal. 2010) (citing *Kelly*, 114 F.R.D. at 670). If no showing is made through the declaration or affidavit, the court should order disclosure. *King*, 121 F.R.D. at 190; *Soto*, 162 F.R.D. at 613; *Miller*, 141 F.R.D. at 301.

Second, if a threshold showing is made, the court considers the parties' papers and affidavits in conjunction with the actual documents submitted for *in camera* review. *King*, 121 F.R.D. at 190-91; *Miller*, 141 F.R.D. at 301; *Kelly*, 114 F.R.D. at 671. The court's analysis focuses on the extent to which the defendant's interest in confidentiality outweighs the plaintiff's interest in the information. *King*, 121 F.R.D. at 190-91; *see also Soto*, 162 F.R.D. at 613. It is only in this second step that the distinction among the different federal privileges is relevant. The official information privilege and the law enforcement privilege, for example, apply different factors when the court balances the interests of the government and the interests of the party seeking discovery. *See, e.g., Kelly*, 114 F.R.D. at 669 (applying a five factor test to the analysis of the official information privilege); *see also In re Dep't of Investigation of City of New York*, 856 F.2d

at 483-84 (applying a ten factor test to the analysis of the law enforcement privilege.)

## V. APPLICATION

### a. Defendants Did Not Automatically Waive Privilege

Plaintiffs argue that Defendants waived the ability to assert the law enforcement privilege as to any document because they did not provide Plaintiffs with a declaration from an agency official when they provided their privilege log, and thus, did not "comply with the procedures outlined in *Hampton[v. San Diego]*." (ECF No. 108 at 3.) *Hampton* sets forth the procedure by which a privilege is invoked **before the court** "will look at police documents *in camera* and before it will entertain a discovery conference to compel said documents." 147 F.R.D. at 230.

This Court does not agree that *Hampton* stands for the proposition of automatic waiver of privilege if a declaration is not provided to the receiving party upon production of the privilege log. Nor does this Court support such a rigid guideline. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (noting that discovery rules are to be accorded a broad and liberal treatment); accord *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961); *see also Macias v. City of Clovis*, 2015 WL 7282841 (E.D. Cal. Nov. 18, 2015) (declining to waive the official information privilege when the defendant failed to timely raise the objection or timely produce a privilege log). Therefore, Defendants failure to provide Plaintiffs with a declaration in support of the law enforcement privilege at the same time they provided the privilege log did not result in an automatic waiver of the privilege.

### b. Defendants Did Not Make a Threshold Showing for Privilege

Defendants submit a declaration from Michael Fisher, retired Chief of the U.S. Border Patrol, to support their assertion that two documents in the privilege log contain law enforcement sensitive information. (ECF No. 102-2.) Fisher's declaration does not discuss the documents individually. Instead, the entire substance of the declaration states that both "documents contain information regarding CBP's techniques and procedures. In order to preserve the confidentiality of the information and protect law enforcement

personnel, these two documents should not be disclosed to the public." (ECF No. 102-2 ¶ 2.)

As discussed above, a prerequisite to asserting any federal privilege is that the government must make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *King*, 121 F.R.D. at 188; *see also In re The City of New York*, 607 F.3d at 944; *In re Sealed Case*, 856 F.2d 268, 271 (D.C.C. 1988). The purpose of the declaration "is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests that line up, in the particular situation before the court, against the requested disclosure." *Kelly*, 114 F.R.D. at 670.

In *Bernat v. City of California City*, the Court found insufficient a declaration that did "not assert that the declarant reviewed the particular records at issue . . . fail[ed] to "provide *specific* information about how disclosure of the *specific* documents requested . . . would threaten the *specific* governmental and privacy interests at stake . . . fail[ed] to evaluate how and to what extent a well-crafted protective order would minimize the impact on the interests at issue [and] . . . how disclosure of the specific information sought would result in harm." 2010 WL 4008361, at *3 (italics in original) (relying on an insufficient declaration to overrule the government's assertion of the official information privilege, the deliberative process privilege and the law enforcement privilege.)

Likewise, in *Soto v. City of Concord*, the court found that, where the defendants asserted only "the general proposition that internal affairs investigatory documents and statements of police officers and/or witnesses should remain secret in order to encourage 'frank discussions,'" that assertion was "insufficient to meet the threshold test for invoking the official information privilege." 162 F.R.D. at 614. Moreover, the Court noted that the defendants failed to address how disclosure pursuant to a protective order "would create a substantial risk of harm to significant government interests." *Id.*

As in *Soto* and *Bernat*, Defendants' blanket assertion that the two documents should not be disclosed to "preserve the confidentiality of the information," fails to

adequately address the harm that would result from a disclosure. Fisher's declaration does not state that he reviewed the particular records at issue, and fails to provide *specific* information about how disclosure of the *specific* documents requested would threaten a *specific* governmental interest at stake. In fact, Fisher's declaration does not refer to *any* specific harm—only that the documents should not be disclosed to "preserve the confidentiality of the information and protect law enforcement personnel." (ECF No. 102-2 ¶ 2.) Moreover, Fisher's declaration fails to describe how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests.

Because Defendants' declaration in support of their assertion of privilege lacks the requisite specificity and fails to allege more than a general assertion of potential harm, they have not made a threshold showing. As a result, the two documents at issue should be disclosed. *Soto*, 162 F.R.D. at 613 (holding that if the party invoking the privilege fails to satisfy this threshold burden the documents in issue should be disclosed.) Accordingly, Defendants must produce both PEREZ-EMAIL-0013034—35 and PEREZ-EMAIL-13142-13143, subject to a protective order the parties must enter in this case, described below.

## VI.  DISCLOSURE SHALL OCCUR SUBJECT TO PROTECTIVE ORDER

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting access to the material at issue to plaintiff, his counsel, and those experts who would require such information to formulate an opinion. *Soto*, 162 F.R.D. at 617.

The Court finds that a protective order will serve the interests of both parties in facilitating discovery, while also protecting the government's interests. Although the Court acknowledges the difficulty these parties have had in negotiating a protective order, the Court now orders the parties to enter into a protective order governing the documents the Court has ordered Defendants to disclose. The parties shall finalize said protective order no later than **February 10, 2015**. Service of the documents ordered

disclosed shall occur within **seven (7) calendar days** of when the Court signs the protective order.

## VII.   CONCLUSION

1. Defendants must file a supplemental brief addressing the following issues by **February 5, 2016.**
    a. What is the appropriate procedure when a party erroneously places irrelevant documents in a privilege log?
    b. Are any of the twenty-five documents subject to a privilege?
    c. Is it proper for a court to review documents in camera for relevance?

   Plaintiffs' response must be filed by **February 12, 2016**. Both briefs are limited to ten pages. No reply brief is requested.

2. The parties are ordered to enter into a protective order prior to exchanging any of these documents. The parties must submit to the Court a proposed stipulated protective order no later than **February 10, 2016**.

3. Upon court approval of the protective order, Defendants must produce the following documents:

PEREZ-EMAIL-0013034—35

PEREZ-EMAIL-0013142—43

Service of the documents ordered disclosed shall occur within **seven (7) calendar days** of when the Court signs the protective order.

IT IS SO ORDERED.

Dated:  January 29, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge