UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Del Socorro Quintero Perez, CY, a Minor, and BY, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION OFFICE OF BORDER PATROL, JANET NAPOLITANO, THOMAS S. WINKOWSKI, DAVID AGUILAR, ALAN BERSIN, KEVIN K. McALEENAN, MICHAEL J. FISHER, PAUL A. BEESON, RICHARD BARLOW, RODNEY S. SCOTT, CHAD MICHAEL NELSON, AND DORIAN DIAZ, AND DOES 1 - 50,,<br><br>Defendants. | Case No.: 13cv1417-WQH-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

## I.   BACKGROUND

On December 7, 2015 and December 8, 2015, counsel for Plaintiffs, Mr. McBride, and counsel for Defendants, Ms. Schweiner, jointly called the Court regarding a

discovery dispute in compliance with the Court's Chambers' Rules. (ECF No. 110 at 1-2.) This dispute centers around the sufficiency of Defendant Fisher's responses to Plaintiffs' Requests for Production of Documents (Set Two), which were propounded on October 9, 2015. (ECF No. 114 at 2.) Defendant Fisher responded to these requests on November 12, 2015, wherein he "object[ed] to the request[s] because, although Defendant is sued individually, and not in his official capacity, the request[s] seek[] documents not within his personal possession, custody or control."[1] (ECF No. 114-3 at 3.) Defendant Fisher also objected to the requests as "overbroad, burdensome and oppressive." (*Id.*)

On December 15, 2015, based on discussions with the parties, the Court instructed Plaintiffs to file a motion to compel regarding the extent to which the requested documents are in Defendant Fisher's possession, custody or control. (ECF No. 110 at 2.) Because Defendants maintained their objections to the relevance and scope of the requested documents, the Court also instructed them, in their opposition, to identify "any objections they maintain to each request for production, including but not limited to relevance, scope and undue burden." (*Id.* at 3.)

Plaintiffs filed their motion to compel on December 18, 2015. (ECF No. 114.) On December 23, 2015, Plaintiffs filed a declaration by third party witness James Tomsheck, in support of their motion to compel.[2] (ECF No. 116.) Defendants filed their opposition

---

[1] In response to RFP No. 8, Defendant Fisher only objects to the request on the basis that it is unintelligible. (ECF No. 114-3 at 7.) Defendant Fisher states that he will not produce any documents in response to this request. (*Id.*) This response to RFP No. 8 is not disputed by Plaintiffs in their motion to compel, and, therefore, will not be addressed in this order.

[2] Plaintiffs filed a declaration by James Tomsheck five days after they filed their motion to compel. (ECF No. 116.) This declaration is untimely. Plaintiffs provided no explanation for the delay—only that "Plaintiffs are providing this now because it was signed and obtained today, on December 23, 2015, and is directly relevant to the issues on which the Court directed briefing." (*Id.* at 2.) Mr. Tomsheck's declaration reviews Plaintiffs' requests for documents and provides his opinion on what types of government documents would be responsive to each request. Per Local Rule 7.1(e)(7), the Court is not obligated to consider untimely motions or responses. Therefore, the Court will not consider the contents of Mr. Tomsheck's declaration in deciding this motion to compel. Notwithstanding, the Court finds that

on December 24, 2015. (ECF No. 118.) On December 29, 2015, Defendants filed a supplemental brief in support of their opposition to Plaintiffs' motion to compel.[3] (ECF No. 119.) Plaintiffs filed their reply on December 29, 2015. (ECF No. 121.)

## II. ANALYSIS OF DEFENDANT FISHER'S POSSESSION, CUSTODY OR CONTROL OVER THE REQUESTED DOCUMENTS

Plaintiffs move to compel the production of documents responsive to Requests for Production of Documents (Set Two) propounded on Defendant Michael Fisher. (ECF No. 114 at 2.) Defendant Fisher's responses to these requests included an objection that, "because, although Defendant is sued individually, and not in his official capacity, the request seeks documents not within his personal possession, custody or control." (*See, e.g.*, ECF No. 114-3 at 3.)

### a. Parties' Arguments

Plaintiffs and Defendants disagree about whether Defendant Fisher has "possession, custody or control," over the requested documents under Fed. R. Civ. P. ("Federal Rule") 34(a)(1). Defendants argue that Defendant Fisher does not have possession, custody or control over the requested documents because he has retired from his position as Chief of U.S. Customs and Border Protection ("CBP"). (ECF No. 118 at 2.) Moreover, according to Defendants, prior to Defendant Fisher's retirement, he did not have control over the requested documents because Department of Homeland Security ("DHS") regulation 6 C.F.R. § 5.44(b) requires current and former employees to

---

Mr. Tomsheck's opinion regarding the existence and relevance of the requested documents is not required to resolve this discovery dispute.

[3] Defendants' supplemental brief was filed four days after its opposition to Plaintiffs' motion to compel, and was therefore untimely. In this supplemental brief, Defendants bring to the Court's attention a second statute which they argue supports their contention that Defendant Fisher does not have possession, custody or control over the requested documents. (ECF No. 119 at 2.) As Defendants acknowledge in their supplemental brief, "it makes no difference" which statute governs the analysis of whether Defendant Fisher has possession, custody or control over the requested documents. (*Id.*) The Court agrees. Per Local Rule 7.1(e)(7), the Court is not obligated to consider untimely motions or responses. Because Defendants' supplemental motion is untimely, and the additional information provided "makes no difference" to the ultimate resolution of the issue, the Court will not consider the contents of Defendants' supplemental motion in deciding this motion to compel.

obtain authorization from the Office of General Counsel prior to producing government documents. (ECF No. 118 at 4.)  Defendants argue that Defendant Fisher did not have possession, custody or control over the requested documents because he did not have a "unilateral right to produce" them. (*Id.*)

According to Plaintiffs, "even though Fisher is sued in his personal capacity, he does not lose possession, custody, or control over documents he otherwise can obtain by virtue of being head of Border Patrol." (ECF No. 114 at 3.)  Moreover, Plaintiffs argue that retirement does not strip Defendant Fisher of his possession, custody or control under Federal Rule 34 because he was Chief of Border Patrol when they propounded the discovery in dispute. (*Id.* at 2.)  Additionally, Plaintiffs contend that DHS regulation 6 C.F.R. § 5.44(b) has "no effect on Fisher's possession, custody and control" because it "do[es] not affect (sic) Fisher's legal right to obtain documents." (ECF No. 121 at 3-4.)

**b. Relevant Law**

Under Federal Rule 34, any party may serve on any other party a request to produce documents which are in the "possession, custody or control" of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1). "The phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (S.D. Cal. July 17, 1995) citing *Cumis Ins. Society, Inc. v. South-Coast Bank*, 610 F.Supp.193, 196 (N.D. Ind. 1985).  Because control is defined as the legal right to obtain documents upon demand (*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)), actual possession of the requested document is not required.

A party responding to a document request has an "affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) citing *Meeks v. Parsons*, 2009 WL 3003718 *4 (E.D. Cal. Sept. 18, 2009). A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right

to obtain the document or has control over the entity who is in possession of the document. *Soto*, 162 F.R.D. at 619 citing *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y. 1970). The party seeking production of documents has the burden of proving the opposing party has control under the meaning of Federal Rule 34. *Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452 citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970).

### c. Analysis

#### i. Effect of Defendant Fisher's Retirement

Defendants argue that because Defendant Fisher is retired from CBP, "he has no legal right to obtain any documents and cannot be compelled to produce additional documents." (ECF No. 118 at 6.) Plaintiffs counter that Defendant Fisher's retirement is irrelevant because he held the position of Chief of Border Patrol at the time they served him with these requests for production of documents. (ECF No. 114 at 2.)

Plaintiffs have the burden of proving that Defendant Fisher has control of the requested documents under Federal Rule 34. *Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452 citing *Norman*, 422 F.2d at 472-73 (10th Cir. 1970). In support of their argument, Plaintiffs assert that Defendant Fisher held the position of Chief of Border Patrol not only when he received the discovery requests on October 9, 2015, but up to thirty days after.[4] Neither party establishes the employment status of Defendant Fisher on November 12, 2015, when he responded to Plaintiffs' discovery requests.[5] In that the date of Defendant Fisher's retirement is not in the record, the Court will analyze whether Defendant Fisher maintained possession, custody or control over the

---

[4] Defendant Fisher signed a verification in his responses to interrogatories in which he acknowledges that he was the Chief of Border Patrol as of November 9, 2015. (ECF No. 114-4 at 10.)

[5] If Defendant Fisher retired after he responded to Plaintiffs' discovery requests, he could not have raised his retirement as a basis for his objection, because it had not yet happened. A failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992). To the extent Defendant Fisher retired after he responded to Plaintiffs' discovery requests, any objection on the basis of his retirement has been waived.

requested documents if he had retired *before* he responded to Plaintiffs' discovery on November 12, 2015.

Defendants cite two cases for the proposition that a party does not have possession, custody or control over documents from his or her former employer once he or she has retired. (*See* ECF No. 118 at 4-5 citing *Pupo-Leyvas v. Bezy*, 2009 WL 1810337, at *1 (S.D. Ind. June 24, 2009) and *Wayson v. Rundell*, 2008 WL 819014, D. Alaska Mar. 24, 2008).) However, these cases are not applicable to the current analysis because in both cases the parties were retired at the time they *received* the discovery requests. In this case, it is undisputed that Defendant Fisher had not retired from his position as Chief of Border Patrol when he received Plaintiffs' discovery requests on October 9, 2015.

Defendants would have this Court measure possession, custody or control under Federal Rule 34 from the date on which a party responds to discovery. Yet, Defendants provide no authority for their position. Such a reading of Federal Rule 34 would allow a party to evade his obligations in discovery as long as he retired before the deadline to respond. This Court does not endorse an interpretation of possession, custody or control that creates opportunities for a party to manipulate the discovery process. Accordingly, the Court finds that possession, custody and control under Federal Rule 34 is measured at the time the party receives a discovery request, not at the time the party decides to respond. Because Defendant Fisher had not retired until after Plaintiffs propounded the discovery requests, his objection regarding possession, custody or control is **OVERRULED**.

### ii. Effect of 6 C.F.R. § 5.44(b)

#### 1. Parties' Arguments

Defendants also argue that Defendant Fisher lacks possession, custody or control of the requested documents because of regulations promulgated under 5 U.S.C. § 301,[6]

---

[6] The head of an executive department may prescribe regulations governing "the custody, use, and preservation of its records, papers, and property." 5 U.S.C.A. § 301. These regulations are referred to as *Touhy* regulations. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

which provide that current or former employees of DHS may not produce government documents in litigation unless given permission by the Office of General Counsel.[7] Defendants assert that under this regulation, Defendant Fisher does not have a "unilateral right to produce Border Patrol and CBP documents[,]" and thus, cannot be deemed to have possession, custody or control of any CBP documents. (ECF No. 118 at 4.) Plaintiffs contend that DHS regulation 6 C.F.R. § 5.44(b) has "no effect on Fisher's possession, custody and control" because it "do[es] not affect (sic) Fisher's legal right to obtain documents." (ECF No. 121 at 3-4.)

## 2.  Discussion

In support of their argument, Defendants cite *Johnson v. Santini* for the proposition that a *Bivens* defendant such as Fisher cannot be compelled to produce agency documents over which regulations deprive them of control. 2015 WL 1806328 at *6 (D. Colo. April 17, 2015). In *Johnson*, the defendants represented that, pursuant to 28 C.F.R. § 16.22,[8] they could not disclose information "relating to or based upon material contained in the files of the [Federal Bureau of Prisons]," without prior authorization. *Johnson*, 2015 WL 1806328, at *5. The *Johnson* Court concluded that, because neither the Federal Bureau of Prisons, nor the United States were parties to the litigation, defendants could not be required to release information without authorization from their superiors. *Id.* at *6. The holding in *Johnson* is not helpful to the current analysis because it does not address whether a federal employee has a duty to ask for permission to produce government

---

[7] 6 C.F.R. § 5.44(b) reads: No employee, or former employee, shall, in response to a demand or request, including in connection with any litigation, produce any document or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status, unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate.

[8] 28 C.F.R. § 16.22 states in pertinent part: "In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part. 28 C.F.R. § 16.22(a)

documents, before he can be said to lack possession, custody or control.

When faced with comparable facts, however, courts in this circuit have interpreted possession, custody and control under Federal Rule 34 broadly. *Mitchell v. Adams*, 2009 WL 674348 (E.D. Cal. Mar. 6, 2009) ("While the defendant warden in his personal or individual capacity may not have custody of the documents at issue, because 'control' is determined by authority, he has constructive possession, custody or control."); *Cooper v. Sely*, 2013 WL 146428 (E.D. Cal. Jan. 14, 2013)(citing *Mitchell*, 2009 WL 674348 for proposition that, because the defendant can obtain the requested document from non-party California Department of Corrections and Rehabilitation, he has constructive control and the documents must be produced.); *Ochotorena v. Adams*, 2010 WL 1035774 (E.D. Cal. Mar. 19, 2010)(Because the defendants were employed by non-party California Department of Corrections and Rehabilitation, and represented by the Attorney General, they have constructive control and the documents must be produced.)

Defendants argument that 6 C.F.R. § 5.44(b) automatically strips Defendant Fisher of possession, custody or control over the requested documents is unsupported. While the Court acknowledges that the DHS regulation creates a procedure by which government documents must be requested before they are produced in litigation, the regulation does not prevent Defendant Fisher from making such a request. Accordingly, the Court finds that Defendant Fisher had a duty to make a request of the Office of General Counsel pursuant to DHS regulation 6 C.F.R. § 5.44(b) before stating that he lacked possession, custody or control over the requested documents. *See Herbst v. Able*, 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (requiring company to contact former employee to obtain SEC testimony in response to discovery request in litigation where company is a party); *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 341-42 (S.D.N.Y. 2005)(finding that company must exhaust all practical means at its disposal to obtain a personal journal entry from a former employee in response to request for production of documents to which the journal was responsive, including contacting that former employee and asking for cooperation).

Defendant Fisher has not offered evidence that he made a request of CBP's Office of General Counsel to produce responsive documents, or that CBP's Office of General Counsel refused his request.  Notably, Defendant Fisher has produced documents in this litigation (s*ee e.g.*, ECF No. 99-3 and ECF No. 114-3 at 9), *with the consent of CBP*. (ECF No. 118 at 5.)  Defendant Fisher states that his objections to Plaintiffs' requests are his attempt to "balance his discovery obligations with the DHS regulations." (*Id.*)  Any such balancing is the responsibility of the court, not Defendant Fisher.

The Court finds that 6 C.F.R. § 5.44(b) does not automatically preclude Defendant Fisher from having possession, custody or control over requested documents.  Instead, Defendant Fisher was required to request permission from the Office of General Counsel before he could determine whether or not he had possession, custody or control. Notwithstanding, requiring Defendant Fisher to seek permission from the Office of General Counsel to produce the requested documents at this juncture would only create more delay.[9]  Therefore, in the interest of efficiency, the Court will allow Plaintiffs to subpoena the relevant government agencies, subject to this Court's additional rulings explained below.[10]  (*See* Fed. R. Civ. P. 1 (stating that the Federal Rules should be construed to "secure the just, speedy, and inexpensive determination" of the action.))

## III.   ANALYSIS OF DEFENDANTS' ADDITIONAL OBJECTIONS

### a. Parties' Arguments

Defendants argue that, even if Defendant Fisher had possession, custody or control over the documents requested by Plaintiffs, the requests are still objectionable on the basis that they are overbroad, burdensome and oppressive.  (ECF No. 118 at 6.)

---

[9] The Office of General Counsel applies the same factors in considering whether or not to comply with a subpoena under Federal Rule 45, or a request for documents under Federal Rule 34.  (*See* 5 C.F.R. § 5.48(a).)

[10] The Court finds that Plaintiffs' Request for Production of Documents (Set Two) seeks materials relevant to the claims and defenses in this lawsuit.  Given the relevance, the Court will extend the fact discovery deadline to allow Plaintiffs to serve a subpoena *duces tecum* on the appropriate government agencies.

According to Defendants, any information regarding an alleged rocking policy is only relevant to Plaintiffs' claims if it shows what Defendants Nelson and Diaz knew of Border Patrol's use of force policy in response to rock throwing. (*Id.*)

Plaintiffs respond that their requests are relevant to establishing "(1) a consistent pattern of border patrol agents' using deadly force whenever a rock was thrown, despite agents being able to take cover or resort to other non-deadly means and/or (2) Fisher's knowledge, support, and/or approval of Border Patrol practices, procedures, and policies that encouraged Border Patrol agents to use lethal force in response to rock throwing." (ECF No. 114 at 5.) The Court will address Defendants' objections to each request in turn.[11]

### b. Relevant Law

#### i. Scope of Discovery

The recently revised Federal Rules provide:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

(Fed. R. Civ. P. 26(b)(1).) The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Federal Rule 26(b)(1). *Soto*, 162 F.R.D. at 610. In turn, the party opposing discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)

---

[11] Defendants' response to RFP No. 8 is not disputed in Plaintiffs' motion to compel, and therefore, will not be addressed by the Court.

citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).  The opposing party may satisfy their burden by demonstrating how the discovery request is irrelevant, overly broad, burdensome, or oppressive.  *Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *3 (N.D. Cal. Apr.1, 2010); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 fn. 17, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Federal Rule 26(b)(2)(C) also requires the court, on motion or on its own, to limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(i)-26(b)(2)(C)(iii).  The Court must also limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

### ii.  Supervisory Liability

An analysis of the relevancy of Plaintiffs' requests first requires an understanding of the claims against Defendant Fisher which revolve around his conduct as a supervisor. In the Ninth Circuit, a supervisor faces liability under the Fourth Amendment only where "it would be clear to a reasonable [supervisor] that his conduct was unlawful in the situation he confronted."  *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012) citing *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  To meet this standard, a plaintiff must allege, at a minimum, a "factual basis for imputing . . . knowledge" of an unconstitutional practice undertaken by subordinates, coupled with culpable action or inaction.  *Chavez*, 683 F.3d at 1111. Moreover, Defendant Fisher can be held liable if it is shown that he was "on actual or constructive notice that a particular omission in [CBP's] training program cause[d] [subordinates] to violate citizens' constitutional rights."  *Connick v. Thompson*, 131 S. Ct.

1350, 1359 (2011).[12]  With this in mind, the Court will now analyze Defendants' objections to Plaintiffs' requests for production.

### c. Analysis

In their opposition to Plaintiffs' motion to compel, Defendants limit their objections to Plaintiffs' requests as overbroad, burdensome and oppressive.  (ECF No. 118 at 6.)  The Court will likewise limit its analysis to those three objections.  Each disputed request for production is addressed in turn.

**RFP No. 1:** All BP Daily Briefs, IA Daily Briefs, and Daily Brief Notes for the seven days following each of the 43 rocking cases you [Defendant Fisher] identified in your Directive[13] that involved an agent using deadly force.

> **Court's Response:**  Plaintiffs' posit that an alleged rocking policy in existence at the time of the June 21, 2011 incident led to the alleged constitutional violations by Defendants.  The Court finds that the requested documents are relevant to the claims against Defendant Fisher and proportional to the needs of the case because the contents of the requested documents could support the existence of a de facto rocking policy.  Accordingly, the Court **OVERRULES** Defendants' objections to this request as overbroad, unduly burdensome and oppressive.

**RFP No. 2:** All documents, including but not limited to, video recordings, minutes, transcripts, notes, and presentations, referring or relating to any Leadership

---

[12] Although *Connick* analyzed a claim against a governmental official in his official capacity, *Connick* is equally applicable to claims against government supervisors in their individual capacity. *See Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1158-59 (9th Cir. 2014) ("As to an official in his individual capacity, the same standard applies—[a plaintiff] must show that [a supervisor defendant] was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights.").

[13] Plaintiffs' instructions for this document request define "Directive" as the March 2014 Memorandum authored by [Defendant Fisher] to all personnel, as also described in Plaintiffs' Complaint." (ECF No. 114-2 at 2.)

1  Conference.[14]

2  **Court's Response:** Although the requested information regarding the June 2010,
3  January 2011, and June 2011 conferences could show whether or not a rocking
4  policy existed and the extent to which Defendant Fisher had knowledge of this
5  alleged policy, the Court finds that this request is not proportional to the issues in
6  this case. The Request is not limited to issues of alleged rockings, or the use of
7  force in response to the throwing of rocks along the U.S./Mexico border.
8  Accordingly, Defendants' objection that this request is overbroad, unduly
9  burdensome and oppressive is **SUSTAINED**. Plaintiffs can request: <u>All
10 documents, including but not limited to, video recordings, minutes, transcripts,
11 notes, and presentations, referring or relating to any discussions or presentations
12 that took place at a Leadership Conference regarding the use of force in response
13 to the throwing of rocks along the U.S./Mexico border</u>.

14 **RFP No. 3:** All documents referring or relating to any meetings that you [Defendant
15 Fisher] attended in 2013 relating to PERF or the PERF Report.

16 **Court's Response:** The PERF report was the result of research and analysis of the
17 use of force employed by the Border Patrol and resulted in a series of
18 recommended revisions to the use of force policy in place at the time of the 2011
19 incident. The Court finds that the requested documents are relevant because they
20 could show what information was discussed in response to the PERF report.
21 However, the request is not proportional to the needs of the case. Accordingly,
22 Defendants' objection that this request is overbroad, unduly burdensome and
23 oppressive is **SUSTAINED**. Plaintiffs can request: <u>Any documents referring or
24 relating to any discussions of the use of force policy or practice in response to rock</u>

---

[14] Plaintiffs' instructions for this document request define "Leadership Conference" as "any of the three conferences attended by [Defendant Fisher] that occurred on or around (1) June 2010 at or near Washington Dulles International Airport; (2) January 13-14, 2011 at or near Crown Plaza National Airport Crystal City, VA; and (3) June 13-16, 2011 in Gettysburg, PA." (ECF No. 114-2 at 3.)

<pre>
 1          throwing along the U.S./Mexico border that took place during any meetings
 2          attended in 2013 discussing the PERF report.
</pre>

**RFP No. 4:** All documents, including but not limited to, video recordings, minutes, transcripts, notes, and presentations, referring or relating to the Harper's Ferry Meeting.[15]

    **Court's Response:** Plaintiffs' state in their motion to compel that Request No. 4 "relates to specific meetings and/or reports regarding a review or implementation of border patrol use of force tactics and techniques in response to rock throwing." This request seeks all documents from the Harper's Ferry Meeting, regardless of whether the documents relate the throwing of rocks at agents or the use of force by border patrol agents in response to rock throwing. Accordingly, the Court **SUSTAINS** Defendants' objections to this request as overbroad, unduly burdensome and oppressive. Plaintiffs can request: <u>All documents, including but not limited to, video recordings, minutes, transcripts, notes, and presentations, referring or relating to any discussions of the use of force policy or practice in response to rock throwing along the U.S./Mexico border that took place at the Harper's Ferry Meeting</u>.

**RFP No. 5:** The original and all updated versions through present day of the document entitled "Review of CBP Use of Deadly Force."

    **Court's Response:** Defendants state in their response that they were unable to identify any document called "Review of CBP Use of Deadly Force." (ECF No. 114-3 at 5.) Instead, Defendants believe that Plaintiffs intended to identify the Use of Force Review Report, which was listed in their privilege log. (*Id.*) The Court has already ordered the production of that document, subject to a protective order. (*See* ECF No. 130.) The Court has no reason to believe that any updated versions of this document exist, because no such revisions were listed in Defendants'

---

[15] Plaintiffs' instructions for this document request define Harper's Ferry Meeting as "the meeting [Defendant Fisher] attended in late 2012 at or near CBP's Advanced Training Center near or in Harpers Ferry, West Virginia." (ECF No. 114-2 at 2.)

privilege log. However, to the extent that updated versions exist or become available, the Court reminds Defendants of their duty to supplement discovery responses. *See* Fed. R. Civ. P. 26 (a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.") Accordingly, the Court **OVERRULES** Defendants' objection that the request is overbroad, unduly burdensome and oppressive.

**RFP No. 6:** All documents relating to James F. Tomsheck's[16] filings with CBP's Office of Special Counsel in either November 2011 or June 2014.

> **Court's Response:** This request seeks relevant information to the extent Mr. Tomsheck's filings with CBP's Office of Special Counsel related to the use of force in response to the throwing of rocks along the U.S./Mexico border. However, as currently written, this request is not proportional to the issues in this case. Responsive documents could include filings with CBP's Office of Special Counsel regarding any grievances or issues within CBP, beyond the alleged rocking policy. Accordingly, the Court **SUSTAINS** Defendants' objection to this request as overbroad, unduly burdensome and oppressive. Plaintiffs can request: <u>All documents relating to James F. Tomsheck's November 2011 or June 2014 filings with CBP's Office of Special Counsel regarding the use of force by border patrol agents in response to the throwing of rocks along the U.S./Mexico border</u>.

**RFP No. 7:** All documents referring or relating to any statements made by you [Defendant Fisher] concerning the alleged throwing of rocks at border patrol agents.

> **Court's Response:** Plaintiffs' posit that a policy existed at the time of the 2011

---

[16] According to Plaintiffs' complaint, James Tomsheck is the former Assistant Commissioner for Internal Affairs at CBP and recently acknowledged the existence and unlawfulness of the rocking policy. (ECF No. 61 at 37 citing a news article published on revealnews.org.)

1	incident at issue in this case which led to the alleged constitutional violations by
2	Defendants.  However, this request is not proportional to the issues in this case
3	because it does not limit the responsive documents to those involving the use of
4	force by Border Patrol agents in response to the throwing of rocks.  Accordingly,
5	the Court **SUSTAINS** Defendants' objection to this request as overbroad, unduly
6	burdensome and oppressive.  Plaintiffs can request: <u>All documents referring or
7	relating to any statements made by you [Defendant Fisher] concerning the response
8	of Border Patrol agents to the alleged throwing of rocks by individuals along the
9	U.S./Mexico border</u>.

**RFP No. 9:** All of the files that PERF reviewed in connection with the issuance of the PERF Report.

    **Court's Response:** Defendant Fisher's supervisory liability hinges on his knowledge of, and responsibility for, a de facto "rocking policy" by which agents respond with deadly force to the throwing of rocks by Mexican nationals, regardless of whether other, non-lethal means are available to avert any such risk. (*See* ECF No. 61 at 1-2.)  Plaintiffs' claims require more than a showing that a rocking policy existed—Plaintiffs must show Defendant Fisher's knowledge of, or perpetuation of, a rocking policy.  Therefore, the Court **SUSTAINS** Defendants' objection to this request as overbroad, unduly burdensome and oppressive. Plaintiffs can request: <u>All files that Defendant Fisher created or received and that were also reviewed by PERF in connection with the issuance of the PERF Report and involve the use of force in response to the throwing of rocks along the U.S./Mexico border</u>.

**RFP No. 10:** All documents referring or relating to IA's suggested revisions to the CBP's Use of Force Policy.

    **Court's Response:** Defendant Fisher's supervisory liability hinges on his knowledge of, and responsibility for, a de facto "rocking policy" by which agents respond with deadly force to the throwing of rocks by Mexican nationals,

regardless of whether other, non-lethal means are available to avert any such risk. (*See* ECF No. 61 at 1-2; *see also Chavez*, 683 F.3d at 1110 overruled in part on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).) Plaintiffs' must show more than the mere existence of a rocking policy. Therefore, the Court **SUSTAINS** Defendants' objection to this request as overbroad, unduly burdensome and oppressive. Plaintiffs can request: <u>All documents referring or relating to IA's suggested revisions to the CBP's Use of Force Policy regarding the use of force in response to the throwing of rocks along the U.S./Mexico border, that Defendant Fisher created, received or reviewed.</u>

## IV. CONCLUSION

1. The Court **OVERRULES** Defendants' objection on the basis of Defendant Fisher's retirement. The Court further finds that Defendant Fisher had a duty to request permission to produce the requested documents from the Office of General Counsel. However, in the interest of efficiency, the Court declines to order him to make such a request at this time. Instead, Plaintiffs are granted an extension of the fact discovery deadline for the limited purpose of serving a subpoena *duces tecum* on the appropriate government agency, subject to the Court's additional rulings summarized below. Plaintiffs must serve the subpoena within **one week** of this order.

2. Defendants' objections to RFP No. 1 as overbroad, unduly burdensome and oppressive are **OVERRULED**.

3. Defendants' objections to RFP No. 2 as overbroad, unduly burdensome and oppressive are **SUSTAINED**. Instead, Plaintiffs can request: <u>All documents, including but not limited to, video recordings, minutes, transcripts, notes, and presentations, referring or relating to any discussions or presentations that took place at a Leadership Conference regarding the use of force in response to the throwing of rocks along the U.S./Mexico border.</u>

4. Defendants' objections to RFP No. 3 as overbroad, unduly burdensome and

1   oppressive are **SUSTAINED**.  Instead, Plaintiffs can request: <u>Any documents
2   referring or relating to any discussions of the use of force policy or practice in
3   response to rock throwing along the U.S./Mexico border that took place during any
4   meetings attended in 2013 discussing the PERF report.</u>

5.  Defendants' objections to RFP No. 4 as overbroad, unduly burdensome and oppressive are **SUSTAINED**.  Instead, Plaintiffs can request: <u>All documents, including but not limited to, video recordings, minutes, transcripts, notes, and presentations, referring or relating to any discussions of use of force policy or practice in response to rock throwing along the U.S./Mexico border that took place at the Harper's Ferry Meeting</u>.

6.  Defendants' objections to RFP No. 5 as overbroad, unduly burdensome and oppressive are **OVERRULED**.

7.  Defendants' objections RFP No. 6 as overbroad, unduly burdensome and oppressive are **SUSTAINED**.  Instead, Plaintiffs can request: <u>All documents relating to James F. Tomsheck's November 2011 or June 2014 filings with CBP's Office of Special Counsel regarding the use of force by border patrol agents in response to the throwing of rocks along the U.S./Mexico border</u>.

8.  Defendants' objections to RFP No. 7 as overbroad, unduly burdensome and oppressive are **SUSTAINED**.  Instead, Plaintiffs can request: <u>All documents referring or relating to any statements made by you [Defendant Fisher] concerning the response of Border Patrol agents to the alleged throwing of rocks by individuals along the U.S./Mexico border</u>.

9.  Defendants' objections to RFP No. 9 as overbroad, unduly burdensome and oppressive are **SUSTAINED**.  Instead, Plaintiffs can request: <u>All files that Defendant Fisher created or received and that were also reviewed by PERF in connection with the issuance of the PERF Report and involve the use of force in response to the throwing of rocks along the U.S./Mexico border</u>.

10. Defendants' objections to RFP No. 10 as overbroad, unduly burdensome and

oppressive are **SUSTAINED**.  Instead, Plaintiffs can request:  <u>All documents referring or relating to IA's suggested revisions to the CBP's Use of Force Policy regarding the use of force in response to the throwing of rocks along the U.S./Mexico border, that Defendant Fisher created, received or reviewed</u>.

IT IS SO ORDERED.

Dated:  February 23, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge