# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL SOCORRO QUINTERO PEREZ, BRIANDA ARACELY YANEZ QUINTERO, CAMELIA ITZAYANA YANEZ QUINTERO, and J.Y., a Minor,<br><br>Plaintiffs,<br>vs.<br>DORIAN DIAZ, *et al*,<br><br>Defendants. | CASE NO. 13cv1417-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendants Dorian Diaz and Michael J. Fisher (ECF No. 169) and the Motion to Dismiss filed by Defendant United States of America (ECF No. 170).

**I. Background**

On June 17, 2013, Plaintiffs commenced this action by filing a Complaint in this Court. (ECF No. 1). Plaintiffs alleged their claims were authorized by *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 9-10. On December 18, 2013, the Court granted the parties' joint motion for leave to amend the Complaint. (ECF No. 24). On January 2, 2014, Plaintiffs filed a First Amended Complaint. (ECF No. 25).

1    On November 19, 2014, the Court granted Plaintiffs' motion for leave to file a Second Amended Complaint. (ECF No. 60). On November 25, 2014, Plaintiffs filed their Second Amended Complaint. (ECF No. 61). On May 1, 2015, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. (ECF No. 77).

On December 9, 2015, the parties filed a joint motion requesting permission to join the third minor child of Plaintiff Del Socorro Quintero Perez to this action. (ECF No. 104). On December 10, 2015, the Court granted the joint motion to allow the minor child to be added into this litigation. (ECF No. 107). On December 22, 2015, Plaintiffs filed a Third Amended Complaint. (ECF No. 115). On March 22, 2016, the Court issued an order granting in part and denying in part Defendants' motion to dismiss and/or strike portions of Plaintiffs' Third Amended Complaint. (ECF No. 138)

On June 30, 2016, Plaintiffs filed the Motion for Leave to File a Fourth Amended Complaint. (ECF No. 159). On September 21, 2016, the Court granted Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. (ECF No. 164). On September 22, 2016, Plaintiffs filed the Fourth Amended Complaint. (ECF No. 165).

On October 20, 2016, Defendants Dorian Diaz and Michael J. Fisher filed a Motion to Dismiss Plaintiffs' Fifth Amendment claims alleged in the Fourth Amended Complaint. (ECF No. 169). On October 20, 2016, Defendant United States of America filed a Motion to Dismiss Plaintiffs' Federal Tort Claims Act ("FTCA") claims alleged in the Fourth Amended Complaint. (ECF No. 170). On November 14, 2016, Plaintiffs filed a response in opposition to both Motions to Dismiss. (ECF No. 171). On November 21, 2016, Defendant United States of America filed a reply (ECF No. 172) relating only to the Motion to Dismiss Plaintiffs' FTCA claims filed by Defendant United States of America.

**II. Allegations of the Fourth Amended Complaint (ECF No. 165)**

"At dusk on June 21, 2011," Jesus Alfredo Yañez Reyes ("Yañez") "and Jose Ibarra-Murietta ("Murietta") crossed the border from Mexico to the United States

together . . . through a small hole in the primary border fence[.]" (ECF No. 165 at ¶ 27). After going through the hole in the primary fence, Yañez and Murietta allegedly encountered Border Patrol Agents Nelson and Diaz. *Id.* at ¶ 28-33. Agent Nelson allegedly got into a physical altercation with Murietta. *Id.* at ¶ 34-37. While "Agent Nelson and Murietta were grappling in the road[,]" Yañez allegedly climbed into a nearby tree "that leaned against the southern side of the primary fence[.]" *Id.* at ¶ 37.

Plaintiffs allege that Agent Diaz shot Yañez in the head as he sat in the tree overlooking the primary fence. *Id.* at ¶ 41. Plaintiffs allege that just prior to the shooting, Yañez allegedly threw one or two rocks and a "nail-studded board" at Agent Nelson while sitting in the tree. *Id.* at ¶ 38-39. Plaintiffs allege that prior to the shooting, Yañez also shouted "that he was going to use his cellphone to take video and pictures of the beating" of Murietta. *Id.* at ¶ 52.

Plaintiffs allege that the Agents used "excessive, lethal force against Yañez" pursuant to "a Rocking Policy that has the imprimatur of the highest-ranking [Department of Homeland Security] and [Customs and Border Protection] officials." *Id.* at ¶ 62. Plaintiffs allege that "[p]ursuant to this unlawful Rocking Policy, Border Patrol agents along the southern border regularly use excessive, lethal force against persons of perceived Hispanic descent and Mexican nationality." *Id.* at ¶ 63.

Plaintiffs Maria Del Socorro Quintero Perez, the widow of Yañez; Camelia Itzayana Yañez Quintero and Brianda Aracely Yanez Quintero, the daughters of Yañez; and JY, the minor child of Yañez, bring the following four claims for relief in the Fourth Amended Complaint: (1) Fourth Amendment unreasonable seizure or Fifth Amendment due process against Defendant Fisher, "Chief of the Border Patrol from May 2010 to November 2015"; (2) Fourth Amendment unreasonable seizure or Fifth Amendment due process against Defendant Agent Diaz; (3) negligence pursuant to the FTCA, 28 U.S.C. § 1346(b), Cal. Civ. Pro. sections 377.30 *et. seq.*, and 377.60 *et. seq.* against Defendant United States of America; and (4) Negligent Training and Supervision pursuant to the FTCA, 28 U.S.C. § 1346(b), Cal. Civ. Pro. sections 377.30

*et. seq.*, and 377.60 *et. seq.* against Defendant United States of America. *Id.* at ¶¶ 1-4, 7, 23, 138-63.

### III. Plaintiffs' Fifth Amendment Claims

Defendants Diaz and Fisher contend that Plaintiffs' Fifth Amendment claims against them in the Fourth Amended Complaint should be dismissed based on the law of the case doctrine. (ECF No. 169-1 at 2). Defendants Diaz and Fisher contend that this Court has previously dismissed the Fifth Amendment claims that Plaintiffs have re-included in the Fourth Amended Complaint.

Plaintiffs contend that the Court previously dismissed Plaintiffs' Fifth Amendment claims without prejudice, and the Court of Appeals "requires that Plaintiffs re-plead claims dismissed without prejudice in order to preserve those claims' dismissals on appeal." (ECF No. 171 at 25). Plaintiffs contend they added the Fifth Amendment claims in the Fourth Amended Complaint "only for the purpose of appellate preservation and that the amendment is not intended to overcome previous orders of dismissal." *Id.*

On September 3, 2014, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' First Amended Complaint. (ECF No. 46). The Court ordered that "Plaintiffs have failed to state a viable Due Process Claim as to any defendant" based on the Fifth Amendment due process claims Plaintiffs included in the First Amended Complaint, the Court and dismissed those claims – including claims brought by Defendants Diaz and Fisher – without prejudice. (ECF No. 46 at 23-24, 26).

On January 19, 2016, Defendants moved the Court to dismiss and/or strike portions of the Plaintiffs' Third Amended Complaint that the Court had previously dismissed without prejudice, including Fifth Amendment claims against Defendants Diaz and Fisher. (ECF No. 125-1 at 7). On March 22, 2016, the Court granted in part and denied in part Plaintiffs' motion and held that "[t]he claims in the Second Amended Complaint that were dismissed without prejudice remain dismissed without prejudice in the Third Amended Complaint." (ECF No. 138 at 3).

Plaintiffs' Fourth Amended Complaint contains Fifth Amendment due process claims against Defendants Diaz and Fisher. (ECF No. 165). The claims in the original Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint previously dismissed without prejudice that are "re-plead without amendment" in the Fourth Amended Complaint are dismissed without prejudice in the Fourth Amended Complaint. *See* ECF No. 138 at 3.

**IV. Plaintiffs' FTCA Claims**

Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). In this case, United States Customs and Border Protection delivered the letter denying Plaintiffs' administrative claim against the United States on May 10, 2012. (ECF No. 30 at 2; Flood Decl. at ¶ 6). Plaintiffs therefore had until November 10, 2012 to timely file an action asserting their FTCA claims under 28 U.S.C. § 2401(b). Plaintiffs filed the original Complaint in this action on June 17, 2013, and Plaintiffs did not include any FTCA claims; *see* ECF No. 1. Therefore, the statute of limitations bars Plaintiffs' newly-asserted FTCA claims in the Fourth Amended Complaint filed on September 22, 2016.

**i. Equitable Tolling**

**1. Contentions of the Parties**

Plaintiffs contend they are entitled to equitable tolling of the FTCA's statute of limitations. Plaintiffs contend that they exercised "reasonable diligence" in not filing their FTCA claims in the original Complaint. (ECF No. 171 at 15). Plaintiffs contend that this case presents "extraordinary circumstances" warranting equitable tolling because "Ninth Circuit law . . . made it irrational for Plaintiffs to pursue FTCA claims" at the time they filed the original Complaint. *Id.* at 16-17. Plaintiffs contend that the Court of Appeals' decision in *Pesnell v. Arsenault*, 543 F.3d 1038 (9th Cir. 2008) would have required the Court to dismiss Plaintiffs' "*Bivens* claims based on the same

underlying facts" as their FTCA claims if the Court dismissed Plaintiffs' FTCA claims based on an FTCA exception, "such as under the foreign country exception[.]" *Id.* at 19, 23-24. Plaintiffs contend that extraordinary circumstances prevented them from bringing their FTCA claims until June 2016, when the Supreme Court issued its decision in *Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016) holding that an FTCA dismissal based on an exception listed in 28 U.S.C. § 2680 does not qualify as a "judgment" under the FTCA's judgment bar provision, 28 U.S.C. § 2676. *Id.* at 6-7.

Defendant contends that controlling case law at the time Plaintiffs filed the original Complaint did not prevent Plaintiffs from filing their FTCA claims in 2013. (ECF No. 170-1 at 12). Defendant contends that the decision of the Court of Appeals for the Ninth Circuit in *Kreines v. United States*, 959 F.2d 834 (9th Cir. 1992) has always permitted Plaintiffs to file their FTCA and *Bivens* claims in one action without risk of dismissal under the judgment bar. *Id.* at 8-9, 11-12. Defendant contends that *Kreines* involved FTCA and *Bivens* claims asserted in the same action – and the decision would have only required dismissal of Plaintiffs' *Bivens* claims to prevent dual recovery. Defendant contends that the Supreme Court's decision in *Simmons* did not affect the application of *Kreines* to this action. Defendant contends that the FTCA's statute of limitations should not be equitably tolled to permit Plaintiffs to now assert their FTCA claims.

**2. Applicable Law**

The party seeking equitable tolling "bears a heavy burden to show that [they are] entitled to equitable tolling, 'lest the exceptions swallow the rule[.]'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)). The Supreme Court has held that the equitable tolling doctrine is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

A "litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

*Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (citation omitted). The two components required to establish equitable tolling are "'elements,' not merely factors of indeterminate or commensurable weight." *Id.* at 756. "[W]e have treated the two requirements as distinct elements in practice, too, rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other." *Id.*

Equitable tolling of a statute of limitations "is available in suits against the Government." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). The Supreme Court has held that the FTCA's six-month statute of limitations, 28 U.S.C. § 2401(b), is "nonjurisdictional and subject to equitable tolling." *Id.* at 1638. "The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." *Id.* at 1633.

The first "diligence prong . . . covers those affairs within the litigant's control[.]" *Menominee Indian Tribe*, 136 S. Ct. at 756. The diligence element applies to prevent equitable tolling "when a litigant was responsible for its *own* delay." *Id.* "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). The Court of Appeals has held that "[c]entral to the analysis is whether the plaintiff was 'without any fault' in pursuing his claim." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd*, *Kwai Fun Wong*, 135 S. Ct. at 1630 (citation omitted).

The second prong requires the party seeking equitable tolling to establish "that some extraordinary circumstance stood in [their] way and prevented timely filing" of their claims. *Menominee Indian Tribe*, 136 S. Ct. at 755 (citation omitted). This element "is meant to cover matters outside" of the litigant's "control." *Id.* at 756. The extraordinary circumstances prong may be satisfied by demonstrating "[t]he Supreme

1  Court's subsequent overruling of . . . controlling precedent" that a litigant relied on in
2  delaying the filing of an action in federal court. *Harris v. Carter*, 515 F.3d 1051, 1057
3  (9th Cir. 2008).

### 3. Reasonable Diligence

In the original Complaint, Plaintiffs alleged a claim for declaratory relief requesting the Court to declare that "in the event of a judgment on Plaintiffs' potential claims under the FTCA . . . the terms of 28 U.S.C. § 2676 will not bar Plaintiffs' *Bivens* claims." (ECF No. 1 at ¶ 158). Plaintiffs alleged that they "have no ability to test the adverse and erroneous judgment-bar case law without risking the barring of their *Bivens* claims[,]" and "[b]ut for the adverse and erroneous case law under 28 U.S.C. § 2676, Plaintiffs would include" FTCA claims "in this Complaint[.]" *Id.* at ¶ 155.

In *Kwai Fun Wong*, the plaintiff "inform[ed] the parties and the court of her desire to file an FTCA claim well before the filing deadline" and before filing the claim in the same action. 732 F.3d at 1053. The plaintiff filed a motion seeking leave to amend her complaint to add an FTCA claim less than three weeks before the federal agency denied her claim. *Id.* at 1033-34. The Magistrate Judge issued a Findings and Recommendations recommending that the court grant the plaintiff's motion to add the FTCA claim to the complaint – but the District Judge adopted the Magistrate Judge's Findings and Recommendations over three weeks *after* the plaintiff's six-month window to file FTCA claims had elapsed. *Id.* at 1034. Pursuant to the District Judge's order, the plaintiff subsequently filed her FTCA claim in an amended complaint two months after the FTCA deadline had elapsed. *Id.* Despite the plaintiff's late filing, the Court of Appeals equitably tolled the statute of limitations because the plaintiff "put forth the 'effort that a reasonable person might be expected to deliver under . . . her particular circumstances.'" *Id.* at 1053 (citing *Busby*, 661 F.3d at 1015). The Court of Appeals found that the plaintiff "took special care in exercising due diligence" by filing a pleading, which included a request to file her FTCA claims in the case, prior to the expiration of the six-month window set forth by 28 U.S.C. § 2401(b). *Id.* at 1052-53.

The Court of Appeals found the plaintiff's FTCA "claim was rendered untimely because of external circumstances beyond her control." *Id.* at 1053.

In this case, unlike the plaintiff in *Kwai Fun Wong*, Plaintiffs did not "inform[] the parties and the court of [their] desire to file an FTCA claim well before the filing deadline and request[] leave to do so[.]" *Id.* In the original Complaint, Plaintiffs stated they "have no ability to test the adverse and erroneous case law without risking the barring of their *Bivens* claims" because of then-existing Court of Appeals precedent. (ECF No. 1 at ¶ 153, 155). However, the original Complaint was filed after the FTCA's statute of limitations had already expired,[1] and Plaintiffs did not include or move to include the FTCA claims in this action until over three years after filing the original Complaint. (ECF No. 165). *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (finding that the "petitioner's lack of diligence precludes equity's operation" because the "petitioner s[at] on his rights for years before he filed his" claim in federal court). Plaintiffs have failed to demonstrate they exercised reasonable diligence in failing to include their FTCA claims in this action until June 2016. The Court concludes that Plaintiffs have not met their "heavy burden to show that [they are] entitled to equitable tolling" by "pursuing [their] rights diligently[.]" *Rudin*, 781 F.3d at 1054-55.

### 4. Extraordinary Circumstances

Courts have found extraordinary circumstances sufficient to warrant equitable tolling of a federal statute of limitations when a litigant delays filing a claim in federal court because of "rel[iance] on *actually binding* precedent that is subsequently reversed." *Menominee Indian Tribe*, 136 S. Ct. at 754, 757. In *Harris v. Carter*, the

---

[1] The original Complaint was filed on June 17, 2013 – after the statute of limitations had elapsed on their FTCA claims. (ECF No. 1). The FTCA required Plaintiffs to file their FTCA claims in federal court by November 10, 2012, or six months after United States Customs and Border delivered to Plaintiffs the denial of their administrative claims. 28 U.S.C. § 2401(b); *see also* ECF No. 171 at 6 (Plaintiffs contend that "[t]he government denied the[ir administrative] claim in May 2012, which triggered the running of a six-month deadline for Plaintiffs to file their FTCA claims in court.").

Court of Appeals held that a plaintiff who "relied in good faith on then-binding circuit precedent in making his tactical decision to delay filing a federal" action was entitled to equitable tolling of the statute of limitations. 515 F.3d at 1055. The plaintiff in *Harris*, a 28 U.S.C. § 2254 habeas petitioner, had waited to file his federal habeas petition because of "then-existing" Court of Appeals precedent in *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir. 2001) that "tolled the statute of limitations" of his habeas petition. *Id.* at 1053, 1055-56. The Court of Appeals identified that the Supreme Court subsequently "overrul[ed] . . . the *Dictado* rule" in *Pace v. DiGuglielmo*, and concluded that the *Pace* decision "made it impossible for [the petitioner] to file a timely petition." *Id.* at 1056; 544 U.S. at 408. The Court of Appeals found that the petitioner was entitled to equitable tolling because his "failure to file a timely petition [wa]s not the result of oversight, miscalculation or negligence on his part, all of which would preclude the application of equitable tolling." *Id.* at 1055. Rather, the Court of Appeals held, the plaintiff "relied on controlling circuit precedent, rather than an ambiguity in the law, in making his strategic decision to delay his federal petition while pursuing relief in the state courts." *Id.* at 1057.

Plaintiffs contend that at the time the original Complaint was filed, "Ninth Circuit law held that . . . dismissal of FTCA claims under [28 U.S.C.] § 2680, such as under the foreign country exception, also bars *Bivens* claims based on the same underlying facts—even if brought in the same action." (ECF No. 171 at 23-24). Plaintiffs contend the Court of Appeals' decision in *Pesnell v. Arsenault*, 543 F.3d 1038 (9th Cir. 2008) prevented Plaintiffs from filing their FTCA claims in this action until *Simmons* was decided. Defendant contends that "[n]othing in the *Pesnell* decision would have precluded Plaintiffs from simultaneously filing both an FTCA and *Bivens* lawsuit in" this action. (ECF No. 170-1 at 14). Defendant contends that "there was no conflict in Supreme Court or Ninth Circuit authority which barred Plaintiffs from pursuing parallel tort and *Bivens* claims" in this action. *Id.* at 20.

In *Kreines v. United States*, issued by the Court of Appeals in 1992, the plaintiff's complaint contained both FTCA and *Bivens* causes of actions. 959 F.2d at 836. The plaintiff prevailed on the *Bivens* claim, and the United States prevailed on the FTCA claim. *Id.* The individual government defendants argued that the FTCA judgment bar "relieves them of liability for damages on" the *Bivens* claim because the United States prevailed on the FTCA claim. *Id.* at 838. The Court of Appeals disagreed, and held that the judgment bar did not prevent the plaintiff from collecting damages from the individual government defendants on the *Bivens* claim. *Id.* The Court of Appeals noted that "Congress' primary concern in enacting the [judgment] bar was to prevent multiple lawsuits on the same facts[,]" and "[t]hat concern is absent when suit is brought contemporaneously for FTCA and other relief" – including a *Bivens* claim. *Id.* The Court of Appeals also found the risk of the plaintiff wrongly recovering twice based on the same underlying conduct was absent "because [the plaintiff]" only prevailed on the *Bivens* claim – and "did not prevail on her FTCA claim." *Id.*

In *Pesnell*, the plaintiff filed two separate actions: the first action included claims brought pursuant to the FTCA, and the second action included constitutional *Bivens* claims against individual government employees along with federal and state Racketeer Influenced and Corrupt Organizations Act ("RICO") claims. 543 F.3d at 1040-41. The district court in the first case dismissed the plaintiff's FTCA claims pursuant to the misrepresentation exception to the FTCA. *Id.* at 1046 (Clifton, C.J., concurring) (citing 28 U.S.C. § 2680(h)). The Court of Appeals affirmed the dismissal on appeal. *Id.* at 1040.

The district court in the second case granted the individual government employees' motion to dismiss the plaintiff's *Bivens* claims pursuant to the FTCA judgment bar. *Id.* at 1041. The Court of Appeals affirmed in part and reversed in part the district court's order dismissing the second case pursuant to the judgment bar. The Court of Appeals held that the judgment bar provision operates to preclude subsequent

actions "by reason of the *same subject matter*, against the employee of the government whose act or omission gave rise to the claim." *Pesnell*, 543 F.3d at 1042 (citing 28 U.S.C. § 2676). The Court of Appeals concluded that the plaintiff's FTCA claims in the first action and the second "*Bivens* action" were both "based in part upon alleged misrepresentations by the federal employees." *Id.* The Court of Appeals found that the judgment bar operated to prevent the plaintiff's *Bivens* claims based upon "the same subject matter involved in the FTCA judgment." *Id.* The Court of Appeals ordered that on remand, the plaintiff's *Bivens* claims could only proceed with "a recognition that the portion of the RICO claims predicated on the same alleged" conduct at issue in the first action "would be barred" by 28 U.S.C. § 2676. *Id.* In a concurrence to the *Pesnell* majority opinion, Circuit Judge Clifton explained that the first district court's dismissal of the plaintiff's FTCA claims, pursuant to an FTCA exception in 28 U.S.C. § 2680, "triggers application of the judgment bar against any further litigation targeting the individual agents as defendants based on the agents' alleged misrepresentations." *Id.* at 1046 (Clifton, C.J., concurring).

On June 6, 2016, the Supreme Court issued its decision in *Simmons*. In *Simmons*, the respondent first filed a suit against the United States under the FTCA alleging that he was beaten in a federal prison as a result of negligence of prison officials. 136 S. Ct. at 1845-46. Before the district court dismissed the respondent's first suit, the respondent filed a second suit alleging constitutional torts against individual prison employees under the *Bivens* doctrine. *Id.* at 1846. The district court in the first case dismissed the respondent's FTCA suit based on the discretionary function exception to the FTCA. *Id.*; 28 U.S.C. § 2680(a). Following the district court's dismissal order in the first case, the district court in the second case dismissed the respondent's *Bivens* action pursuant to the FTCA judgment bar. 136 S. Ct. at 1846. The Court of Appeals for the Sixth Circuit reversed the district court in the second case, and held that the judgment bar provision did not prevent the respondent's subsequent *Bivens* action from

proceeding in federal court. *Id.*

The Supreme Court affirmed the judgment of the Court of Appeals and held that "[t]he judgment bar provision . . . does not apply to the categories of claims in the 'Exceptions' sections of the FTCA." *Id.* at 1850. The Supreme Court identified *Pesnell* as contributing to "a Circuit split on whether the judgment bar provision applies to suits that, like [the respondent's], are dismissed as falling within an 'Exceptio[n]' to the FTCA." *Id.* at 1846 n.1. The Supreme Court held that the respondent's second *Bivens* action was unaffected by the judgment bar and "should be permitted to go forward" because the respondent's first FTCA action was dismissed pursuant to an FTCA exception and did not qualify as a "judgment" under 28 U.S.C. § 2676. *Id.* at 1848.

In this case, Plaintiffs identified *Pesnell* in the original Complaint and alleged that it was "adverse and erroneous case law" in the Court of Appeals for the Ninth Circuit. (ECF No. 1 at ¶ 153, 155). *Pesnell* involved the partial dismissal of *Bivens* claims that shared the same factual allegations as FTCA claims previously dismissed *in a separate action* under the FTCA judgment bar. Plaintiffs in this case proposed to include their FTCA claims along with their *Bivens* claims in the *same action*. *See* ECF No. 1 at ¶ 155 (Plaintiffs allege that "[b]ut for the adverse and erroneous case law under 28 U.S.C. § 2676, Plaintiffs would include" their FTCA claims "*in this Complaint*") (emphasis added). The Supreme Court's decision in *Simmons* did not address Plaintiffs' ability to pursue a *Bivens* claim and an FTCA claim in the same cause of action. Plaintiffs have not identified "*actually binding* precedent that [has been] subsequently reversed" that would have prevented Plaintiffs from alleging *Bivens* and FTCA claims in the same action pursuant to *Kreines* at the time the original Complaint was filed. *Menominee Indian Tribe*, 136 S. Ct. at 757. The Court concludes that Plaintiffs have not met their burden to establish that extraordinary circumstances prevented them from timely filing their FTCA claims in this case. *See id.* ("it is common for a litigant to be confronted with significant costs to litigation, limited financial resources, an uncertain outcome based upon an uncertain legal landscape, and

impending deadlines. These circumstances are not 'extraordinary.'") (citation omitted).

## V. Conclusion

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiffs' Fifth Amendment claims (ECF No. 169) is granted in part. The claims in the original Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint that were previously dismissed without prejudice and that are re-plead without amendment in the Fourth Amended Complaint are dismissed without prejudice in the Fourth Amended Complaint.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiffs' FTCA claims (ECF No. 170) is granted with prejudice.

DATED: March 6, 2017

**WILLIAM Q. HAYES**
United States District Judge